UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSHUA D. FRANKLIN,

        Plaintiff,

v.                                                                               Case No. 3:22-cv-699-BJD-JBT

SECRETARY, FLORIDA
DEPARTMENT OF
CORRECTIONS,

        Defendant.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Joshua D. Franklin, an inmate of the Florida penal system, initiated this action pro se by filing a Complaint under 42 U.S.C. § 1983. See Doc. 1. As Defendants, Plaintiff names Mark Inch and Ricky Dixon,[1] the former and current Secretaries of the Florida Department of Corrections. In the Complaint, Plaintiff alleges that on December 14, 2021, "three officials at Hamilton C.I. tried to kill [him] by beating [him] and breaking [his] neck." Id. at 5. According to Plaintiff, officials also sprayed him with chemical agents after he was handcuffed, causing him to have a heart attack. Id. He asserts that following the use of force, officials issued false disciplinary reports. Id.

---

[1] Plaintiff identifies a Defendant with the last name "Nixon," though the current Secretary's last name is Dixon. In this Order, the Court refers to this Defendant as Dixon.

Plaintiff contends that since the incident, he remains in close management and has been transferred to Florida State Prison. Id. at 4. He claims that his access to the legal research facility has been hindered, causing him to experience "denials and dismissals in court." Id. at 5. He also claims that he is in fear for his life and feels threatened by institutional staff because he has filed administrative grievances.[2] Id. at 5. He alleges that because of this conduct, his rights under the First, Eighth, and Fourteenth Amendments have been violated. Id. at 3. As relief, Plaintiff seeks only injunctive relief ordering Defendants Inch or Dixon to transfer him to either Charlotte Correctional Institution or Santa Rosa Correctional Institution. Id. at 5.

The Prison Litigation Reform Act (PLRA) requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. § 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997); see also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

---

[2] In light of his assertions, the Clerk of Court sent a copy of Plaintiff's Complaint and the Amended Standing Order (Doc. 2) that is entered when an inmate makes a claim of suicidal intent or other imminent physical harm to the Inspector General and to the Warden of Florida State Prison.

2

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quotations, alteration, and citation omitted). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quotations and citations omitted).

In reviewing a pro se plaintiff's pleadings, a court must liberally construe the plaintiff's allegations. See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Bingham v. Thomas, 654 F.3d 1171, 1175 (11th Cir. 2011). However, the duty of a court to construe pro se pleadings liberally does not require the court to serve as an attorney for the plaintiff. Freeman v. Sec'y, Dept. of Corr., 679 F. App'x 982, 982 (11th Cir. 2017) (citing GJR Invs., Inc. v. Cnty. of Escambia, 132 F.3d 1359, 1369 (11th Cir. 1998)).[3]

---

[3] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060-61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

Plaintiff's Complaint is subject to dismissal under this Court's screening obligation because he fails to "state a claim to relief that is plausible on its face." See Iqbal, 556 U.S. at 678. To state a claim under § 1983, a plaintiff must allege "(1) both that the defendant deprived [him] of a right secured under the Constitution or federal law and (2) that such a deprivation occurred under color of state law." See Bingham, 654 F.3d at 1175 (alteration in original).

Plaintiff only names supervisory officials as Defendants. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks and citation omitted). "The standard by which a supervisor is held liable in his individual capacity for the actions of a subordinate is extremely rigorous." Id. Supervisor liability arises only "when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Mathews v. Crosby, 480 F.3d 1265, 1270 (11th Cir. 2007) (internal quotation marks and citation omitted).

> The necessary causal connection can be established "when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so." Alternatively, the causal connection may be

4

>   established when a supervisor's "custom or policy . . . result[s] in deliberate indifference to constitutional rights" or when facts support "an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

Cottone, 326 F.3d at 1360 (internal citations omitted). See also Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010) (affirming the district court's dismissal of the secretary of the DOC because the plaintiff failed to allege that the secretary personally participated in an action that caused the plaintiff injury or that the plaintiff's "injuries were the result of an official policy that [the secretary] established").

Plaintiff does not allege that Defendants personally participated in the alleged denial of his constitutional rights. Nor does he allege that Defendants had a policy, practice, or custom that resulted in constitutional violations. See generally Doc. 1. Plaintiff asserts only that his access to legal resources has been hindered and alleges facts about a single use of physical force that resulted in allegedly false disciplinary reports. Id. at 4. However, Plaintiff has not alleged that these issues establish "a history of widespread abuse" that would put Defendants on notice of the need to correct Plaintiff's alleged constitutional violations, but Defendants have failed to do so. See Cottone, 326 F.3d at 1360; see also Rankin v. Bd. of Regents of Univ. Sys. of Ga., 732 F. App'x 779, 783 (11th Cir. 2018) (finding that the plaintiff's "claim fails because

5

most of the allegations supporting it are conclusory, and to the extent some are based on facts, they are limited to his own experience and as a result do not suggest a policy or custom of deliberate indifference to constitutional rights") (citing Craig v. Floyd Cnty., 643 F.3d 1306, 1311 (11th Cir. 2011)). Thus, Plaintiff has failed to allege a causal connection between any action or inaction of Defendants Inch or Dixon and a violation of his constitutional rights. See Twombly, 550 U.S. at 570; Harvey, 296 F. App'x at 826.

Further, Plaintiff previously filed a civil rights action about the December 14, 2021, alleged use of excessive force in case number 3:22-cv-528-MMH-JBT. That case is still pending.

Accordingly, it is

**ORDERED AND ADJUDGED**:

1. This case is **DISMISSED without prejudice**.

2. The **Clerk of Court** shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 19th day of July, 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-7
c:   Joshua D. Franklin, #Q22579